UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRITANNIA, LLC,<br><br>          Plaintiff,<br><br>vs.<br><br>AVON CAPITAL, LLC and TRANEN CAPITAL ALTERNATIVE INVESTMENT FUND, LTD.,<br><br>          Defendants. | Civil Action No. 15-CV-3648<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>RECEIVED MAY 11 2015 U.S.D.C. S.D.N.Y. |

Plaintiff Britannia, LLC ("Britannia"), by and through its attorneys Susman Godfrey L.L.P., as and for its Complaint against defendants Avon Capital, LLC ("Avon") and Tranen Capital Alternative Investment Fund, Ltd. ("Tranen" and, together with Britannia and Avon, the "Parties"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for breach of contract. On December 14, 2011, plaintiff Britannia and defendant Avon entered into an agreement (the "Purchase Agreement"), whereby Britannia would sell its beneficial interest in 49 wholly-owned life insurance policies representing $393.75 million in death benefits to Avon for the purchase price of $17.4 million (the "Transaction"). On information and belief, the capital for Avon's purchase was to be provided by Tranen, pursuant to a separate agreement.

2. When Tranen was unable to secure the necessary capital to close the Transaction timely, Britannia, in good faith and based on Tranen's representations that it would eventually obtain the funding, agreed not once but three times to modifications to the Purchase Agreement intended to enable Avon to comply with its obligations under the Purchase Agreement.

1

3. On December 14, 2012, a full year after the original Purchase Agreement was signed, the Parties executed the fourth and final modification to the Purchase Agreement (the "Addendum") setting forth a revised payment schedule for Avon and Tranen. Britannia timely executed its obligations under the Addendum by delivering all title documents and necessary documentation for the Beneficial Interests to defendants as proof of ownership. Avon and Tranen, however, failed to make payments in accordance with the revised payment schedule set forth in the Addendum in clear breach of the Purchase Agreement and Addendum. Plaintiff seeks monetary relief in the form of compensatory damages for defendants' failure to make payments in accordance with the terms of the Purchase Agreement and the Addendum.

## THE PARTIES

4. Plaintiff Britannia, LLC, is a limited liability company whose sole member is Ark Royal Assurance, LLC, a Wyoming LLC, whose sole member is Ark Royal Holdings, LLC, whose sole member is Ark Royal, Inc., a Wyoming Corporation.

5. Defendant Avon Capital, LLC, is a limited liability company owned by Caroline Financial Group, Inc. and Carpenter Financial Group, Inc., both Delaware corporations with their place of business in Connecticut.

6. Defendant Tranen Capital Alternative Investment Fund, Ltd. is a limited corporation formed in the British Virgin Islands with its principal place of business in the British Virgin Islands.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between plaintiff and defendants, and the aggregate amount of damages exceeds $75,000.

8. Venue is proper in this judicial district pursuant to a forum selection clause in the Purchase Agreement providing that "each of the parties consents to jurisdiction of . . . the United States federal courts sitting in the borough of Manhattan . . . in respect of all matters arising under this Purchase Agreement."

## FACTUAL BACKGROUND

### A. The December 14, 2011 Purchase Agreement

9. The December 14, 2011 Purchase Agreement provides that, subject to the satisfaction of certain conditions precedent, all of which were met, Britannia was to "assign, deliver and convey to Avon or its designee all of [Britannia's] rights, title and interests in" beneficial interests in 49 irrevocable life insurance trusts each of which owned a life insurance policy (the "Beneficial Interests").

10. As Purchaser, Avon was required, subject to the satisfaction of certain conditions precedent, all of which were met, to wire $11,000,000 of the purchase price of $17,400,000 (the "Purchase Price") at closing. The balance of the Purchase Price was to be paid in four equal installments of $1,600,000, on the second, third, fourth and fifth anniversaries of the Closing.

11. Based upon information and belief, the Purchase Price was to be paid by Avon's designee, Tranen, in accordance with a separate agreement between Avon and Tranen. Tranen's capital commitment was made in reliance upon a previous agreement with an independent investment party for capital, and a pledge to secure $100,000,000 debt capital supported by letters of credit from a major bank.

12. In order to secure the capital arrangements to fund the Purchase Agreement, Tranen needed to demonstrate contracted purchases for a sufficiently sized pool of assets, of which the Beneficial Interests were a significant part. This meant that the conveyance of the

3

Beneficial Interests by Britannia had to be contemporaneous with the receipt of consideration in order to close the deal timely. Through no fault of Britannia's, this did not occur.

**B. February 29, 2012 Letter Agreement Assigns Avon's Interests in the Purchase Agreement to Tranen in Exchange for a Capital Commitment to Fund the Transaction with Britannia**

13. In a letter dated February 29, 2012, Avon set forth an agreement with Tranen, whereby Tranen "committed if and when adequate capital is available to fund . . . or provide additional collateral to backstop" the transaction set forth in the Purchase Agreement between Britannia and Avon.

14. Avon, in turn, pledged "all of its interest in Tranen (the "Equity Units") to Britannia, LLC as security for the payments under the Agreement." Tranen agreed "to allow the transfer or assignment of the Equity Units to Britannia, LLC immediately upon its written request."

**C. April 17, 2012 Letter Agreement Confirming Tranen's Assumption of Avon's Obligations Under the Purchase Agreement**

15. On April 17, 2012, Tranen and Avon signed a second letter agreement confirming that Tranen "is prepared and committed as adequate capital is available to fund such transaction or provide appropriate additional collateral to backstop the Agreement should such be required by [Avon or Britannia]."

16. Tranen further pledged to "undertake best efforts to complete the transaction in conformity with the existing Agreement" with respect to "the subset of policies contemplated under the Agreement which are in full force and for which a transfer has been perfected."

17. The letter agreement provided that "[t]o the extent that Tranen acquires policies under the [Purchase] Agreement (or any beneficial or security interest therein), Tranen hereby assumes the obligations of Avon . . . [and] agrees that Britannia shall be entitled to hold Tranen

directly responsible for all of the obligations of Avon with respect to or contemplated in the Agreement."

18. The Parties acknowledged that the closing date indicated under the original Purchase Agreement had not and could not be met.

### D. June 3, 2012 Memorandum Memorializing the Parties' Revised Proposal for Completing the Transaction

19. A June 3, 2012 memorandum prepared by Avon set forth the history of the Parties' dealings to date. It explained that the Parties had previously agreed to pursue an alternative path to conclusion of the Transaction (the "Revised Agreement") due to insufficient capital resources preventing Tranen from performing its part of the Agreement timely. Avon and Tranen had represented that this was only a delay, not an inability to obtain the necessary capital from investors.

20. Pursuant to the Revised Agreement, Avon and Tranen had agreed to accept certain premium funding obligations to maintain the policy assets while the final purchase price was pending. As part of this process, ownership of certain of the Beneficial Interests was transferred along with the necessary documentation to enable Avon and Tranen to make the necessary premium payments. The transfer of certain Beneficial Interests was completed during January and February of 2012, during which time a portion of the assets were transferred to a Fund in which Avon has an interest, a portion were transferred to Tranen, and the remainder were held by Britannia but subsequently transferred to Tranen. As consideration for these transfers, the receiving parties provided to Britannia economic interests roughly equivalent to the asset values transferred.

21. The June 3 memorandum set forth the Parties' continuing commitment to concluding the Transaction, with the recognition that "the underlying capital realization activities

5

have not been successful and may not be in the near term." Accordingly, as set forth in the June 3 memorandum, the Parties agreed to a revised payment structure for completion of the Transaction. The terms were as follows:

> a) Tranen would pay $500,000 to Britannia as a demonstration of good faith in initiating the revised payment structure, as well as all costs of documenting the revised transaction.
>
> b) Tranen would provide $1,900,000 in intended payments on a periodic basis starting August 1, 2012, totaling $11.4 million by December 31, 2012. Tranen would guarantee $500,000 monthly minimum and provide "catch-up" for any periodic payment that was less than the intended periodic payment.
>
> c) During the intended payment period Tranen's assets would be would be held at its securities intermediary ("SI"), Christiana Bank & Trust, to provide proof of ownership.
>
> d) Prior to Britannia receiving the promised $11 million and premium reimbursements in full, Tranen would "instruct the SI to provide Britannia with asset information and [] provide 67% of all asset disposition consideration to Britannia in respect to satisfaction of the purchase price." Tranen would be solely responsible for premiums as due.
>
> e) As additional consideration for reworking the payment structure under the Purchase Agreement, additional compensation was to be available in an amount "roughly represented by agreed upon interest owed in the form of a finance charge." Such amounts could be offset through mutual consent by achieving agreed upon timing targets for completion of the payments.

22. Tranen failed to make payments in accordance with the revised payment schedule.

E. **December 14, 2012 Purchase Agreement Addendum**

23. One full year after execution of the original Purchase Agreement, and in light of Tranen's continuing failure to provide capital for the Transaction, the Parties executed a December 14, 2012 Addendum (the "Addendum") to the Purchase Agreement as modified by the February 29, 2012 letter agreement, the April 17, 2012 letter agreement and the June 3, 2012 memorandum (together with the Addendum, the "Modifications"). The Addendum set forth the Parties' agreement to complete the Transaction contemplated in the Purchase Agreement "subject to the additional conditions set forth in th[e] Addendum while inclusive of the terms set forth in the Purchase Agreement and each of the Modifications."

24. The Addendum required Avon and Tranen ("Purchaser") to wire $11,900,000 in immediately available funds according to the following schedule: (i) $1,000,000 upon signing of the Addendum; (ii) $6,000,000 on or before December 28, 2012; and (iii) the remaining balance of $4,900,000 on or before March 18, 2013. In addition, Purchaser was required to make annual payments to Britannia in the amount of $1,600,000 on December 14 of 2013, 2014, 2015 and 2016.

25. If any scheduled payment was not made on its due date, the Purchaser was required to pay Britannia "an amount equal to the shortage of the [payment due] over actual payments received multiplied by a factor based upon the number of days the shortage is outstanding" and bearing a fifteen percent annual interest rate.[1]

26. A condition precedent to Purchaser's obligations under the Addendum was the delivery by Britannia to Purchaser of all title documents and necessary documentation for the Beneficial Interests in order for Purchaser to provide proof of ownership.

---

[1] The Addendum mistakenly provides that the Seller is to pay the Purchaser the additional purchase price.

27. Subject to execution of the condition precedent, any failure by Purchaser to make payments required by the Addendum would be considered an event of default. In such event, Purchaser would have 30 days to cure the default after which all remaining purchase obligations would become due.

28. Upon execution of the Addendum Britannia complied with its obligations by delivering all title documents representing proof of ownership of the Beneficial Interests.

29. Britannia never received from Avon or Tranen the payments required under the Purchase Agreement or Modifications.

## CLAIM FOR RELIEF

### Breach of Contract

30. Plaintiff realleges and incorporates herein the allegations of paragraphs 1 through 29 of this complaint as if fully set forth herein.

31. The December 14, 2011 Purchase Agreement and Modifications are binding and enforceable contracts.

32. Avon and Tranen by their failure to make the payments required under the Purchase Agreement and Modifications materially breached the Purchase Agreement and Modifications.

33. Britannia has complied in full with its obligations under the Purchase Agreement and Modifications.

34. As a direct and proximate cause of Avon and Tranen's breach of the Purchase Agreement and Modifications, Britannia was damaged as alleged herein in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment awarding plaintiff compensatory damages pursuant to its Claim for Relief.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs hereby demand a trial by jury as to all issues so triable.

Dated: May 11, 2015

                                                                                                    /s/ *[signature]*

Steven G. Sklaver (application for admission *pro hac vice* to be filed)
SUSMAN GODFREY LLP
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067-6029
Tel:   310-789-3100
Fax:  310-789-3150
ssklaver@susmangodfrey.com

Elisha B. Barron (EB-6850)
SUSMAN GODFREY LLP
560 Lexington Avenue, 15th Floor
New York, NY 10022
Tel.:  212-336-8330
Fax:  212-336-8340
ebarron@susmangodfrey.com

*Attorneys for Plaintiff Britannia, LLC*